IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARY L. SELLERS, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 2:07CV470-WC |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's Motion to Reverse and Remand and Entry of Final Judgment (Doc. #15) pursuant to sentence four of 42 U.S.C. § 405(g) (2000). As support for its motion to remand, the Commissioner states he has requested the Appeals Council to reconsider certain evidence in the case. The Commissioner further indicates that the Appeals Council will remand the case back to an administrative law judge (ALJ) for further consideration of Plaintiff's mental impairment in accordance with 20 C.F.R. §§ 404.1520a(e)(2) and 416.920a(e)(2) and applicable Eleventh Circuit case law. Def.'s Mem. Supp. Mot. Reverse and Remand (Doc. #16 at 1). The Commissioner also moved the Court to enter a judgment pursuant to FRCP 58 reversing and remanding the case to the Commissioner under sentence four of 42 U.S.C. § 405 (g). Id. at 2. Plaintiff filed a Response on 28 November 2007, stating she does not oppose the motion.

Sentence four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the

pleadings and transcript of the record, a judgement affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Thus, the district court has the authority to reverse the Commissioner's decision without remanding the cause. 42 U.S.C. § 405(g).

> The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. This Court may reverse the decision of the Commissioner and enter an order awarding disability benefits where the Commissioner has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt.

Fontanez ex rel. Fontanez v. Barnhart, 195 F. Supp. 2d 1333, 1341 (M. D. Fla. 2002) (internal citations omitted).

Under sentence four, the district court may remand a case to the Commissioner for a rehearing if the court finds "either . . . the decision is not supported by substantial evidence, or . . . the Commissioner or the ALJ incorrectly applied the law relevant to the disability claim." Jackson v. Chater, 99 F.3d 1086, 1092 (11th Cir. 1996); see Carril v. Barnhart, 201 F. Supp. 2d 1190, 1192 (N. D. Ala. 2002) (reversing the Commissioner's decision and remanding the case for further proceedings, where the Commissioner's decision was not supported by substantial evidence).

In this case, the Commissioner requested that the Appeals Council reconsider the case and the Appeals Council has agreed to remand the case to an ALJ for further consideration.

The Commissioner then asked the Court to remand this case so that the ALJ can for further consideration of Plaintiff's mental impairment in accordance with 20 C.F.R. §§ 404.1520a(e)(2) and 416.920a(e)(2) and applicable Eleventh Circuit case law. (Doc. #16 at 1).

The Court finds reversal and remand necessary here, as Defendant concedes further consideration of Plaintiff's evidence is necessary.

Upon consideration of the motion and Plaintiff's response, it is

ORDERED that:

a. Defendant's Motion to Reverse and Remand (Doc. #15) is GRANTED.

b. Defendant's Motion for Judgment (Doc. #15) is GRANTED.

c. The decision of the Commissioner is REVERSED and REMANDED for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g), and for the reasons set forth in Defendant's Motion to Reverse and Remand (Doc. #15).

Done this 30th day of November, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE